IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAURA ANN DOTY,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 2:16-cv-11417

NANCY A. BERRYHILL,
Commissioner of Social Security,

        Defendant.

MEMORANDUM OPINION AND ORDER

I.     Introduction

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court grant the plaintiff's motion for judgment on the pleadings to the extent the plaintiff seeks remand, deny the defendant's motion for judgment on the pleadings, reverse the final decision of the Commissioner, and remand this case for further proceedings, and dismiss this matter from the court's docket. Prop. Fin. & Rec. 9–10 [ECF No. 13]. The defendant timely filed objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"). Def.'s Objs. to the Mag. Judge's Prop. Fin. & Rec. ("Def.'s Objs.") [ECF No. 14].

The court has reviewed *de novo* those portions of the PF&R to which the defendant objects and finds that the objections are meritorious. For the reasons set forth below, the Court **DECLINES TO ADOPT** the findings and recommendation of the Magistrate Judge [ECF No. 13], **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 10], **GRANTS** the defendant's motion for judgment on the pleadings [ECF No. 11], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

II. Factual and Procedural History

On April 10, 2013, the plaintiff, Laura Ann Doty, applied for disability insurance benefits and social security income. Prop. Fin. & Rec. 1. Doty's application was denied, and she filed a request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* On May 25, 2015, the ALJ issued a decision denying Doty's applications. *Id.* The Appeals Counsel denied review of the ALJ's decision, and Doty filed the instant action seeking judicial review thereafter. *Id.*

On March 1, 2017, Doty filed a Brief in Support of Motion for Judgment on the Pleadings in which she argues that the ALJ failed to perform an adequate step three analysis and therefore the ALJ's decision is not supported by substantial evidence. [ECF No. 10]. On February 28, 2018, the Magistrate Judge entered a PF&R, recommending that the Court grant Doty's Motion and remand the case. Prop. Fin. & Rec. 9–10. The Magistrate Judge found that "[t]he ALJ's step three evaluation in the decision is lacking the information necessary to inform a reviewing court how the

2

medical evidence applies to the criteria necessary to make an impairment considered severe enough to prevent an individual from doing any gainful activity." *Id.* at 8. Specifically, the Magistrate Judge found that "the ALJ failed to explain how the medical evidence considered did or did not satisfy the Listing 1.04 criteria." *Id.* at 9. On March 13, 2018, the defendant, Nancy A. Berryhill, Acting Commissioner of Social Security, filed objections to the PF&R. Def.'s Objs. On March 26, 2018, Doty responded to the defendant's objections. Pl.'s Resp. to Def.'s Objs. [ECF No. 15]. These matters are currently before the Court.

### III. Standards of Review

#### a. Review of the PF&R

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

#### b. Review of the ALJ's Findings and Decision

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A.§ 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

IV. Analysis

The Social Security Regulations establish a five-step sequential evaluation for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920(a)(4). The first step is whether a claimant is currently engaged in gainful employment. *Id.* §§

4

404.1520(b), 416.920(a)(4)(i). If the answer is no, the next step is whether the claimant suffers a severe impairment. *Id.* §§ 404.1520(c), 416.920(a)(4)(ii). The third step is whether the claimant's impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations. *Id.* §§ 404.1520(d), 416.920(a)(4)(iii). The listings set out in the appendix "are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." *Sullivan v. Zebley*, 493 U.S. 521, 529–30 (1990).

ALJs are not required to explicitly identify and discuss every possible listing. *Ezzell v. Berryhill*, 688 F. App'x 199, 200 (4th Cir. 2017). However, "[w]hen there is 'ample evidence in the record to support a determination' that the claimant's impairment meets or equals one of the listed impairments, the ALJ must identify 'the relevant listed impairments' and compare 'each of the listed criteria to the evidence of [the claimant's] symptoms.'" *Id.* (citing *Cook v. Heckler*, 783 F.2d 1168, 1172–73 (4th Cir. 1986)).

"An ALJ's explanation for their step-three determination is insufficient if they state only that they considered the listing of impairments and 'offer [ ] nothing to reveal *why*' they made their determination." *McDaniel v. Colvin*, No. 2:14-cv-28157, 2016 WL 1271509, at *4 (S.D. W. Va. Mar. 31, 2016) (quoting *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015)). The "insufficient legal analysis makes it impossible

5

for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Johnson v. Berryhill*, No. 2:17-cv-01608, 2018 WL 1096463, at *10 (S.D. W. Va. Feb. 1, 2018) (citations omitted), adopted by 2018 WL 1095581.

"However, if the ALJ's opinion read as a whole provides substantial evidence to support the ALJ's decision at step three, such evidence may provide a basis for upholding the ALJ's determination." *McDaniel*, 2016 WL 1271509, at *4 (citations omitted); *see Six v. Colvin*, No. 3:15-cv-14377, 2016 WL 7040850, at *2–3 (S.D. W. Va. Dec. 1, 2016). ALJs only need to "review medical evidence once in [their] opinion[s]." *McDaniel*, 2016 WL 1271509, at *4 (quoting *McCartney v. Apfel*, 28 F. App'x. 277, 279 (4th Cir. 2002)). Thus, "[a] cursory explanation in step three is satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion." *Id.* (citations omitted). "[I]f the court need not look beyond the ALJ's opinion to find substantial evidence supporting the ALJ's step-three determination, the ALJ's decision may be affirmed." *Johnson*, 2018 WL 1096463, at *11 (citations omitted).

In *Johnson*, at step two, the ALJ found that the claimant had degenerative disc disease of the lumbar and cervical spine. *Id.* at *2. At step three, the ALJ evaluated the claimant's disease under Listing 1.04. *Id.* at *11. The ALJ found that the claimant "did not have any 'evidence of nerve root compression, spinal arachnoiditis, or lumbar stenosis' as required to meet Listing 1.04." *Id.* at *9 (citations omitted). On appeal, the claimant argued that the "ALJ failed to compare any medical evidence of her

6

cervical spine impairment to the listing criteria, precluding meaningful judicial review." *Id.* Magistrate Judge Cheryl Eiffert disagreed, finding that "[w]hile the ALJ did not specifically include the discussion of the medical evidence at step three, the ALJ's explanation for his step three findings [was] clear from the decision itself." *Id.* at *12.

Here, at step two, the ALJ found that the claimant suffers from cervical degenerative disc disease. Prop. Fin. & Rec. 3. At step three, the ALJ evaluated the disease under Listing 1.04. Tr. 17 [ECF No. 9-2]. Listing 1.04 states the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> OR
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> OR
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically

7

> acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

The ALJ found that Doty "does not have evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required to meet or equal the Listings." *Id.*

Just like the claimant in *Johnson*, Doty argues that this statement is insufficient. *See Johnson*, 2018 WL 1096463, at *9. The Magistrate Judge agrees—this Court does not. *See* Prop. Fin. & Rec. 9. As was the case in *Johnson*, the claimant's argument fails, because the "ALJ's explanation for his step three findings is clear from the decision itself." *See Johnson*, 2018 WL 1096463, at *12. As the Magistrate Judge explained,

> The ALJ discussed the evidence of record as follows regarding Claimant's severe impairment of cervical degenerative disc disease:
>
> An impairment or combination of impairments is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities for at least 12 consecutive months. Specifically, a magnetic resonance imaging (MRI) scan of the cervical spine performed on January 26, 2009, revealed central canal stenosis at C6-C7, central canal stenosis and left neural foraminal stenosis at C5-C6, central canal stenosis at C4-C5, and neural foraminal stenosis at C3-C4 (Exhibit 5F) (Tr. at 15-16).
>
> \*\*\*
>
> The evidence of record fails to support the claimant's allegations. The record shows a history of post laminectomy syndrome of the cervical spine, which resulted from a work related injury (Exhibit 5F). A

magnetic resonance imaging (MRI) scan of the cervical spine performed on January 26, 2009, revealed only mild central canal stenosis at C6-C7, moderate central canal stenosis and left neural foraminal stenosis at C5-C6, central canal stenosis at C4-C5, and neural foraminal stenosis at C3-C4 (Exhibit 5F). Treatment records show the claimant complained of progressively worsening symptoms over the next several years. On October 29, 2013, she visited rehabilitation specialist Michael Shramowiet, M.D., with complaints of neck pain, which radiated to the shoulders bilaterally, left worse than the right. A MRI of the cervical spine performed on November 22, 2013, evidenced persistent degenerative changes particularly at the C5-C6 level, causing severe central canal stenosis (Exhibit 4F). There was severe bilateral neuroforaminal narrowing and a large right paracentral posterolateral disc bulge at C6-C7, causing moderate to severe central canal narrowing. On January 23, 2014, the claimant underwent anterior cervical discectomy and fusion at C5-C6 and C6-C7 (Exhibit 9F).

At a follow-up visit with Dr. Shramowiat on March 25, 2014, the claimant stated the surgery helped her symptoms significantly (Exhibit 8F). She reported only minimal tingling and numbness in the upper extremities. She advised she had not experienced a migraine headache since the surgery. Dr. Shramowiat advised the claimant's rehabilitation potential was good. She continued to report an improvement in her pain when she followed-up with neurosurgeon Charles L. Levy, M.D., on June 6, 2014 (Exhibit 9F). Although she stated she was experiencing tightness and mild pain in the cervical spine with intermittent shooting pains into the bilateral scapulas, lasting for a few seconds, examination revealed full range of motion of the cervical spine. In addition, paraspinal muscle strength was full and paraspinal muscle tone was within normal limits. The claimant did undergo surgery for the alleged impairment, which certainly suggests the symptoms were genuine. While that fact would normally weigh in the claimant's favor, it is offset by the fact the record reflects the surgery was generally successful in relieving the symptoms (Tr. at 20).

> The claimant's primary healthcare provider noted at a follow-up visit on December 30, 2014, the claimant had normal upper extremity strength (Exhibit 10F). Treatment records from Dr. Shramowiat dated January 8, 2015, showed the claimant had good symptoms decrease with the use of prescribed Norco (Exhibit 12F). Examination evidenced some moderate tenderness and tightness in the cervical paravertebrals and medial upper trapezius bilaterally; however, upper extremity strength was 5/5 on the left and right. Sensation was grossly intact and symmetrical to light touch and deep tendon reflexes were 2+ at the rachioradialis. At a follow-up visit on March 23, 2015, the claimant continued to complain of chronic neck pain (Exhibit 17F). There was no excessive muscle tightness and no tightness or swelling over the greater occipital nerve. Upper extremity strength and deep tendon reflexes remained normal as well. The findings on examination fail to support the claimant's allegations (Tr. at 21).

Prop. Fin. & Rec. 6–7. This discussion, while not located in the ALJ's step three analysis, clearly explains why the ALJ found that Doty did not meet Listing 1.04. Thus, the ALJ's decision is supported by substantial evidence, and remand is unnecessary.

V. Conclusion

The Court **DECLINES TO ADOPT** the PF&R [ECF No. 13], **DENIES** the plaintiff's motion for judgment on the pleadings [ECF No. 10], **GRANTS** the defendant's motion for judgment on the pleadings [ECF No. 11], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action from the court's docket.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented party.

ENTER: March 30, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE